UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRISTEN MERCEDES POINDEXTER, | ) ) | CIVIL ACTION NO. 1:21-CV-1847 |
| Plaintiff | ) ) | |
| | ) | (ARBUCKLE, M.J.) |
| v. | ) ) | |
| STARBUCKS YORK ROASTING PLANT, | ) ) ) | |
| Defendant | ) | |

<u>MEMORANDUM OPINION</u>

**I.      INTRODUCTION**

Starbucks York Roasting Plant ("Defendant") employs Tristen Mercedes Poindexter ("Plaintiff") as an inventory control specialist. On November 1, 2021, Plaintiff initiated this *pro se* employment discrimination case against Defendant. In her two-page complaint, Plaintiff provides vague allegations that her co-workers harassed her and that her hours and pay were "adjusted."

Currently pending before the Court is Defendant's motion to dismiss Plaintiff's complaint with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] After considering Defendant's motion and the parties' briefs, I conclude that Defendant's motion will be granted in part and denied in part as follows:

---

[1] This matter is before me upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 18).

(1) Defendant's motion (Doc. 15) is GRANTED insofar as the Court finds that Plaintiff's original complaint should be dismissed. Defendant's request that Plaintiff's complaint be dismissed with prejudice is DENIED.

(2) Plaintiff may, if she chooses, file an amend complaint on or before **February 6, 2023** to correct the deficiencies noted in this opinion.

Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects; it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

(3) The Clerk of Court will be DIRECTED to close this case should Plaintiff fail to timely file an amended complaint.

## II.    BACKGROUND & PROCEDURAL HISTORY

On November 1, 2021, Plaintiff filed a two-page complaint in federal court using a pre-printed form. (Doc. 1). Along with that complaint, Plaintiff paid the required civil filing fee.

In her complaint, Plaintiff indicated that she wished to file a claim under Title VII for discrimination. (Doc. 1, p. 1). Plaintiff's factual allegations are reproduced in their entirety below:

> I am the only black inventory control specialist working for Starbucks York Roasting Plant. In the time of my employment my pay for hours worked has been adjusted. My confidentiality has been broken. I have endured harassment, bullying, sabotaging or deliberately subverting

> and obstructing my ability to work. I have endured verbal and physical intimidation.

(Doc. 1, p. 2). Given its brevity, it is difficult to form a complete picture of what Plaintiff's co-workers have done, which co-workers have acted inappropriately, or when Plaintiff's co-workers acted inappropriately.

As relief, Plaintiff requests that:

> my case would be heard and Starbucks York Roasting Plant be held accountable for all actions that has taken place against me.

*Id.*

On the day the complaint was filed, a summons was issued as to Defendant and provided to Plaintiff. (Doc. 2). Plaintiff was granted an extension of time to serve her complaint, and Defendant was granted an extension of time to respond. (Docs. 6, 13).

On May 16, 2022, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15). Along with its motion, Defendant filed a brief in support. (Doc. 16). After being granted an extension of time, Plaintiff filed a brief in opposition and approximately 500 pages of exhibits. (Doc. 20). Defendant filed a reply. (Doc. 21).

Defendant's motion to dismiss is ready to resolve.

III. LEGAL STANDARDS

  A. MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal for failure to state a claim upon which relief can be granted. To assess the sufficiency of a complaint when dismissal is sought under Rule 12(b)(6), a court should: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify mere conclusions which are not entitled to the assumption of truth; and (3) determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of a legal claim.[2]

In order for his or her allegations to be taken as true, a plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[4] Thus, courts "need not credit a claimant's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[5] The

---

[2] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

court also need not assume that a plaintiff can prove facts that he or she has not alleged.[6]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.[8] This "presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.' "[9] The plausibility determination is context-specific and does not impose a heightened pleading requirement.[10]

---

[6] *Associated Gen Contractors of Cal. v. Cal St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

[7] *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010).

[8] *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[9] *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted) (alternations in original).

[10] *Schuchardt*, 839 F.3d at 347.

**B.     TITLE VII CLAIMS**

Title VII makes it unlawful "for an employer . . . to discriminate any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."[11]

In her complaint, Plaintiff appears to assert claims under Title VII for disparate treatment discrimination and hostile work environment. She does, however, attempt to add additional claims in her brief.

**1.     Disparate Treatment**

Disparate treatment discrimination occurs when an employer treats an employee differently than other employees because of their race, color, religion, national origin, or sex. To prove a *prima facie* case of disparate treatment discrimination under Title VII, a plaintiff must show: (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances that support an inference of discriminatory intent.[12] However, because this is an evidentiary standard, a plaintiff does not need to establish a *prima facie* case in his or her

---

[11] 42 U.S.C. § 2000e-2(a).

[12] *Johnson v. Keebler-Sunshine Biscuits, Inc.*, 214 F.App'x 239, 241 (3d Cir. 2007) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999)).

pleading. Instead, a plaintiff must "allege facts that provide fair notice of a plaintiff's claim and demonstrates a plausible right to relief," including facts that show she suffered from an adverse employment action.[13] Adverse employment action is "defined as an action that is 'serious enough and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."[14]

For example, the Third Circuit concluded that a plaintiff had pleaded enough facts to support a plausible claim of gender-based disparate treatment discrimination where a plaintiff alleged:

> (i) during her tenure at Lane, she was the only female truck driver at the Pittsburgh facility; (ii) she was qualified to drive all but one of Lane's trucks; (iii) Lane failed to rehire her at the start of the 2011 construction season, despite recalling the six other union truck drivers—all male, and two with less union seniority than Connelly; and (iv) since failing to rehire Connelly, Lane has employed no other female truck drivers.[15]

### 2. Hostile Work Environment

A hostile work environment claim is a type of harassment claim. To plead a claim of hostile work environment, a plaintiff must allege that: (1) he or she suffered intentional discrimination because of his or her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4)

---

[13] *Houle v. Walmart Inc.*, 447 F.Supp.3d 261, 281 (M.D. Pa. Mar. 20, 2020).

[14] *Id.* (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)).

[15] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016).

the discrimination would have detrimentally affected a reasonable person of the plaintiff's race in his or her position; and (5) respondeat superior liability exists.[16]

To determine whether the harassing conduct alleged is sufficiently "severe" or "pervasive" to create an abusive work environment, courts consider:

> [1] the frequency of the discriminatory conduct; [2] its severity; [3] whether it is physically threatening or humiliating or a mere offensive utterance; and [4] whether it unreasonably interferes with the employee's work performance.[17]

> With respect to the fifth element:

> "The basis of an employer's liability for a hostile work environment claim depends on whether the harasser is the victim's supervisor or coworker." *Mandel*, 706 F.3d at 169 (citing *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009)). An employer is vicariously liable to a victimized employee "for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee" or if "the person charged with creating the hostile environment is the plaintiff's co-worker, and not a supervisor, liability exists [only] where the [employer] knew or should have known of the harassment and failed to take prompt remedial action." *Hitchens v. Montgomery Cty.*, 278 F. App'x 233, 235-36 (3d Cir. 2008) (internal citations and quotations omitted).[18]

---

[16] *Minarsky v. Susquehanna Cty.*, 895 F.3d 303, 310 (3d Cir. 2018) (quoting *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)).

[17] *Whitesell v. Dobson Communication*, 353 F.App'x 715, 717 (3d Cir. 2009).

[18] *Roth v. Clearchoice Mgmt Servs., LLC*, 2022 WL 4011036 at *5 (D.N.J. Sept. 2, 2022).

IV.     **DISCUSSION**

Defendant has raised several arguments in support of its position that, as written, Plaintiff's original complaint does not state a plausible Title VII claim for disparate treatment or hostile work environment. In order to resolve Defendant's motion, the Court must also address the issue of whether it can properly consider the new materials presented along with Plaintiff's response to Defendant's motion to dismiss. Therefore, in this opinion, the Court addresses the following questions:

(A)  Whether the Court can consider the new allegations and documents first presented in Plaintiff's brief in opposition;

(B)  Whether Plaintiff has set forth specific enough allegations in her complaint to state a Title VII disparate treatment discrimination or retaliation claim; and

(C)  Whether Plaintiff should be granted an opportunity to amend her original complaint.

A.  **COURT CANNOT CONSIDER THE ADDITIONAL FACTUAL ALLEGATIONS OR CLAIMS IN OR ATTACHED TO HER BRIEF IN OPPOSITION**

In her complaint, Plaintiff alleges one claim, ""Title VII discrimination." (Doc. 1, p. 1). Based on her allegations, the Court has liberally construed these allegations as claims of disparate treatment discrimination and hostile work environment. In her brief in opposition, however, Plaintiff argues she is bringing six claims, which she identifies as (1) disparate treatment, (2) gross negligence, (3) workplace harassment, (4) workplace discrimination, (5) unlawful conduct, and (6) workplace retaliation. (Doc. 20, p. 5).

In addition to these newly identified legal claims, Plaintiff has attached over 500 pages of documents in support of her brief in opposition. Those un-indexed and unlabeled documents include:

(1) a June 3, 2021 letter to Judge Arbuckle (submitted for the first time on June 3, 2022) (Doc. 20-1, pp. 1-6);

(2) a September 14, 2021 Dismissal and Notice of Rights letter from the EEOC, (Doc. 20-1, p. 7);

(3) a September 7, 2021 letter addressed to Mr. Medina (Doc. 20-1, pp. 8-13);

(4) documents labeled "Performance Goals," (Doc. 20-1, pp. 14-16);

(5) an unsigned March 24, 2022 "Partner Notification Form" terminating Plaintiff's employment (Doc. 20-1, pp. 17-18);

(6) Starbucks Anti-Harassment and Anti-Retaliation standards, (Doc. 20-1, pp. 19-21);

(7) a series of emails and chats exchanged with supervisors and co-workers (with attachments) (Doc. 20-2, pp. 1-102; Doc. 20-3, pp. 1-87; Doc. 20-4, pp. 1-66; Doc. 20-5, pp. 1-94, 96-110; Doc. 20-6, pp. 1-16, 42-43, 46-63; Doc. 20-7, pp. 1-26; Doc. 20-7, pp. 34-56, 58, 60-61; Doc. 20-8, pp. 1-18);

(8) a November 13, 2021 letter addressed to Judge Arbuckle, (Doc. 20-5, p. 95);

(9) Starbucks' Supply Chain and Coffee Operations standard operating procedures, (Doc. 20-6, pp. 17-41);

(10) a written statement about an incident with another employee, (Doc. 20-6, pp. 44-45);

(11) a screenshot of a Starbucks job search page, (Doc. 20-7, pp. 27-33);

(12) a blank waiver of service of summons form (Doc. 20-7, p. 57);

(13)  a wage statement notifying Plaintiff that her annual wage was increased (Doc. 20-7, p. 59);

(14)  a letter from Crystal Mayers informing Plaintiff that she was entitled to an addition 3.45 hours of pay because some timecards were adjusted incorrectly (Doc. 20-7, p. 62);

(15)  an earnings statement (Doc. 20-7, pp. 63-65); and

(16)  the policy on the employee complaint procedure at Starbucks (Doc. 20-8, pp. 19-28).

It is well-established that a litigant cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion. Indeed, "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."[19]

Therefore, the new legal claims alleged in the brief in opposition, and the additional factual background provided through the brief and exhibits, cannot be considered when evaluating the sufficiency of the allegations in Plaintiff's complaint at the motion to dismiss stage. The Court has not evaluated the newly asserted legal claims or the facts contained in the brief or exhibits in resolving Defendant's pending motion to dismiss.

---

[19] *Pennsylvania ex re. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *cf. Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("we do not consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6).").

**B.  THE ALLEGATIONS IN THE COMPLAINT ARE NOT DETAILED ENOUGH TO SUPPORT A TITLE VII CLAIM**

**1.  Plaintiff Has Not Provided Enough Information in her Complaint to Support A Disparate Treatment Discrimination Claim**

In its brief, Defendant argues that Plaintiff has not pleaded facts in the complaint that suggest she has suffered "adverse employment action" or that the alleged disparate treatment occurred under circumstances that support an inference of discrimination. As noted above, disparate treatment discrimination occurs where an employer treats an employee differently than other employees because of her race, color, religion, national origin, or sex.

In a six-page letter attached to her brief in opposition, Plaintiff summarizes the "dates, times, and documentation or occurrences related to the filing of [her] complaint." (Doc. 20-1, pp. 1-6). None of this information, however, <u>is *in* Plaintiff's complaint</u>.

The complaint itself includes allegations that Plaintiff is a black woman, is the only black inventory control specialist working at Defendant's York Roasting Plant and that her wages were adjusted. Beyond these facts, the remainder of Plaintiff's allegations are conclusory statements that are not entitled to the presumption of truth.

With respect to Plaintiff's allegation that her wages were "adjusted," Plaintiff does not allege what her wages were adjusted to or from. Therefore, it is not clear whether this action was "adverse." Even assuming it was, however, Plaintiff does

not allege facts that suggest the wage adjustment was discriminatory. Although Plaintiff alleges she is black, the fact of an employee's race, without more, does not raise an inference of discriminatory animus.[20] She has not alleged any <u>facts</u> that suggest she was treated differently because of her race.

### 2. Plaintiff Has Not Provided Enough Information in her Complaint to Support A Hostile Work Environment Claim

Defendant argues that Plaintiff's hostile work environment claim should be dismissed because Plaintiff has not alleged any facts that the harassment she endured was severe or pervasive, or that respondeat superior liability attaches. (Doc. 16, pp. 11-12).

In her complaint, Plaintiff alleges that she "endured harassment, bullying, sabotaging, or deliberately subverting and obstructing [her] ability to work," and has endured "verbal and physical intimidation." (Doc. 1, p. 2). However, these allegations are merely conclusory statements, and therefore are not entitled to the presumption of proof. Although Plaintiff includes more detail in her brief and its attachments, the complaint itself does not include any allegations describing the

---

[20] *See e.g.*, *Carlor v. Bank of Am.*, No. 18-15047 (JMV)(MF), 2019 WL 3244617, at *3 (D.N.J. July 17, 2019); *Washington v. Client Network Servs.*, No. 11-1331, 2016 WL 1592693 at *7 (E.D. Pa. Apr. 20, 2016) (finding dismissal was appropriate where a litigant's complaint included no specific factual allegations to support a plausible claim that defendants' action were motivated by plaintiff's race, color, ancestry, religion, or national origin).

hostilities she experienced, and no <u>facts</u> regarding the nature, frequency or severity of the alleged misconduct.[21] Furthermore, Plaintiff has not identified her harassers in the complaint, therefore she has not alleged enough facts to show the existence of respondeat superior liability.

### C. LEAVE TO AMEND

If a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). In this case, Defendant argues in a footnote that "further amendment of Plaintiff's complaint is futile because no amendments would cure Plaintiff's failure to state claims upon which the relief he [sic] seeks can be granted." (Doc. 16, p. 14 n. 11). I am not persuaded, however, that granting further leave to amend is futile.

Plaintiff is proceeding *pro se* in this case. The primary reason her original complaint is subject to dismissal for failure to state a claim under Rule 12(b)(6) is because it lacks detail. Some of those details were provided in support of her opposition to Defendant's motion to dismiss. Plaintiff in a *pro se* litigant and has not been afforded any prior opportunity to file an amended complaint that includes more

---

[21] *See e.g.*, *Northern v. Susquehanna Univ.*, No. 4:18-CV-1384, 2018 U.S. Dist. LEXIS 214349, at *16 (M.D. Pa. Dec. 19, 2018) (dismissing hostile work environment claim because the complaint did not include enough information about the alleged hostilities).

detailed information about the discrimination she allegedly experienced. Accordingly, Plaintiff will be permitted an opportunity to file an amended complaint in this case.

## V. CONCLUSION

Accordingly, for the reasons explained in this opinion:

(1) Defendant's motion (Doc. 15) is GRANTED insofar as the Court finds that Plaintiff's original complaint should be dismissed. Defendant's request that Plaintiff's complaint be dismissed with prejudice is DENIED.

(2) Plaintiff may, if she chooses, file an amend complaint on or before **February 6, 2023** to correct the deficiencies noted in this opinion.

Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects; it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

(3) The Clerk of Court will be DIRECTED to close this case should Plaintiff fail to timely file an amended complaint.

(4) An appropriate order will be issued.

Date: January 13, 2023                         BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge